JS 44 (Rev. 02/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

### I. (a) PLAINTIFFS
April Ploeger

### DEFENDANTS
Pennsylvania CVS Pharmacy, LLC a/k/a d/b/a t/a CVS Pharmacy #4007, a/k/a d/b/a t/a CVS Pharmacy, Inc., CVS Health Pharmacy et al

**(b)** County of Residence of First Listed Plaintiff    Philadelphia, PA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Providence, RI
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Kevin R. Marciano, Esquire, Marciano & MacAvoy, P.C.
16 W. Front St., Media, PA 19063; 610-566-6500

Attorneys *(If Known)*
Amalia Romanowicz, Esquire, Post & Schell, P.C.
1600 John F. Kennedy Blvd., Philadelphia, PA 19103; 215-587-1193

### II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1 U.S. Government Plaintiff

☐ 3 Federal Question *(U.S. Government Not a Party)*

☐ 2 U.S. Government Defendant

☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

### III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☒ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | | ☐ 864 SSID Title XVI | |
| | | | | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

### V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1 Original Proceeding    ☒ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from Another District *(specify)*    ☐ 6 Multidistrict Litigation - Transfer    ☐ 8 Multidistrict Litigation - Direct File

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1332 - Diversity of citizenship
Brief description of cause:
Alleged misfill of prescription medication

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $   ＞75,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

### VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE      DOCKET NUMBER

DATE      SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG. JUDGE

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: ___April Ploeger, 3801 Spring Garden Street, Apt. 103, Philadelphia, PA 19104___

Address of Defendant: ___1 CVS Dr., Woonsocket, R.I. 02895___

Place of Accident, Incident or Transaction: ___3925 Walnut Street, Philadelphia, PA 19104___

---

*RELATED CASE, IF ANY:*

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1.  Is this case related to property included in an earlier numbered suit pending or within one year    Yes ☐   No ☑
    previously terminated action in this court?

2.  Does this case involve the same issue of fact or grow out of the same transaction as a prior suit    Yes ☐   No ☑
    pending or within one year previously terminated action in this court?

3.  Does this case involve the validity or infringement of a patent already in suit or any earlier    Yes ☐   No ☑
    numbered case pending or within one year previously terminated action of this court?

4.  Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights    Yes ☐   No ☑
    case filed by the same individual?

I certify that, to my knowledge, the within case ☐ is / ☑ is not  related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __12/18/2019__   _____   __206114__
                                                    *Attorney I.D. # (if applicable)*

---

CIVIL: (Place a √ in one category only)

A.   *Federal Question Cases:*

☐   1.   Indemnity Contract, Marine Contract, and All Other Contracts
☐   2.   FELA
☐   3.   Jones Act-Personal Injury
☐   4.   Antitrust
☐   5.   Patent
☐   6.   Labor-Management Relations
☐   7.   Civil Rights
☐   8.   Habeas Corpus
☐   9.   Securities Act(s) Cases
☐   10.  Social Security Review Cases
☐   11.  All other Federal Question Cases
         *(Please specify):* _____

B.   *Diversity Jurisdiction Cases:*

☐   1.   Insurance Contract and Other Contracts
☐   2.   Airplane Personal Injury
☐   3.   Assault, Defamation
☐   4.   Marine Personal Injury
☐   5.   Motor Vehicle Personal Injury
☑   6.   Other Personal Injury *(Please specify):* Medical Malpractice
☐   7.   Products Liability
☐   8.   Products Liability – Asbestos
☐   9.   All other Diversity Cases
         *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, ___A. Bryan Tomlinson___, counsel of record *or pro se plaintiff*, do hereby certify:

☑   Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case
    exceed the sum of $150,000.00 exclusive of interest and costs:

☐   Relief other than monetary damages is sought.

DATE: __12/18/2019__   _____   __206114__
                                                    *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## <u>CASE MANAGEMENT TRACK DESIGNATION FORM</u>

|  |  |  |
|---|---|---|
|  | : | CIVIL ACTION |
|  | : |  |
| v. | : |  |
|  | : |  |
|  | : |  |
|  | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.                ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.                ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court. (See reverse side of this form for a detailed explanation of special
management cases.)                ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.        ( )

_____     _____     _____
**Date**                                **Attorney-at-law**                    **Attorney for**


_____     _____     _____
**Telephone**                          **FAX Number**                      **E-Mail Address**


(Civ. 660) 10/02

## Civil Justice Expense and Delay Reduction Plan
### Section 1:03 - Assignment to a Management Track

(a)        The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)        In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management.  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)        The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)        Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)        Nothing in this Plan is intended to supersede Local Civil Rules 40.1 or 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

## SPECIAL MANAGEMENT CASE ASSIGNMENTS
### (See §1.02 (e) Management Track Definitions of the
### Civil Justice Expense and Delay Reduction Plan)

Special Management cases will usually include that class of cases commonly referred to as "complex litigation"  as that term has been used in the Manuals for Complex Litigation.  The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985.  This term is intended to include cases that present unusual problems and require extraordinary treatment.  See §0.1 of the first manual.  Cases may require special or intense management by the court due to one or more of the following factors:  (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition.  It may include two or more related cases.  Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues.  See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

## IN THE UNITED STATES DISTRICT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| APRIL PLOEGER<br>3801 Spring Garden Street<br>Apt. 103<br>Philadelphia, PA 19104<br><br>Plaintiff,<br><br>       vs.<br><br>PENNSYLVANIA CVS PHARMACY, LLC<br>a/k/a, d/b/a, t/a CVS PHARMACY #4007,<br>a/k/a, d/b/a, t/a CVS PHARMACY, INC.<br>3925 Walnut Street<br>Philadelphia, PA<br>       and<br><br>CVS HEALTH CORPORATION<br>C/O The Corporate Trust Company<br>Corporate Trust Center<br>1209 Orange Street<br>Wilmington, DE 19801<br>       and<br><br>JOHN DOE, Pharmacist and/or Technician<br>who provided and/or sold prescription<br>medications to Plaintiff at CVS store #4007<br>on or around July 27, 2017<br>c/o Pennsylvania CVS Pharmacy, LLC<br>3925 Walnut Street<br>Philadelphia, PA 19104<br>       and<br><br>JANE DOE, Pharmacist and/or Technician<br>who provided and/or sold prescription<br>medications to Plaintiff at CVS store #4007<br>on or around July 27, 2017<br>c/o Pennsylvania CVS Pharmacy, LLC<br>3925 Walnut Street<br>Philadelphia, PA 19104<br><br>Defendants. | NO. |

## DEFENDANTS, PENNSYLVANIA CVS PHARMACY, L.L.C. AND CVS HEALTH CORPORATION'S NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. § 1441

Defendants, Pennsylvania CVS Pharmacy, L.L.C. (incorrectly named by Plaintiff as "Pennsylvania CVS Pharmacy, LLC a/k/a, d/b/a, t/a CVS Pharmacy #4007, a/k/a d/b/a t/a CVS Pharmacy, Inc."), and CVS Health Corporation (hereinafter "Defendants"), by and through their attorneys, Post & Schell, P.C., hereby remove the above-captioned action – which is presently docketed in the Court of Common Pleas of Philadelphia County at July Term, 2019, No. 1404 – pursuant to 28 U.S.C. § 1441 *et seq*. In support thereof, Defendants aver as follows:

### The Parties and Background

1.    This is a professional liability action in which Plaintiff, April Ploeger, alleges Defendants, by and through their employees, negligently dispensed Prozac (fluoxetine) rather than Gabapentin in prescription vials labeled Gabapentin 100 mg on or about June 29, 2017 and again on or about July 29, 2017. See a true and correct copy of Plaintiff's Complaint attached hereto as Exhibit "A".

2.    Plaintiff is a citizen of Pennsylvania with a residence of 3801 Spring Garden Street, Apt. 103, Philadelphia, PA 19104. See Exhibit "A", ¶ 1.

3.    CVS Health Corporation is a corporation organized and existing under the laws of the State of Rhode Island with its principal place of business, headquarters, and center of direction, control, and coordination in Woonsocket, Rhode Island. See Declaration of Melanie K. Luker in Support of Defendants' Notice of Removal attached hereto as Exhibit "B."

4.    Pennsylvania CVS Pharmacy, L.L.C. is a limited liability company organized and existing under the laws of the Commonwealth of Pennsylvania. . See Exhibit "B".

5.    The sole member of Pennsylvania CVS Pharmacy, L.L.C. is CVS Pharmacy, Inc. Id.

2

6.     CVS Pharmacy, Inc. is a corporation organized and existing under the laws of the State of Rhode Island with its principal place of business, headquarters, and center of direction, control, and coordination in Woonsocket, Rhode Island. <u>See</u> Exhibit "B."

7.     Plaintiff alleges that, as a result of the negligent conduct of Defendants, she unknowingly took Prozac (fluoxetine) as opposed to Gabapentin, causing her "to suffer seizures requiring hospitalization", <u>see</u> Exhibit "A", ¶ 16; to sustain "permanent internal and external injuries, which rendered her sick, sore, lame, and disabled", <u>see id.</u> ¶ 18; to be "hurt, wounded, and bruised in and about her head, limbs, and body" and to continue suffering seizures, <u>see id.</u>; to incur past and future medical expenses for her injuries which will require medical care "indefinitely into the future", <u>see id.</u> ¶ 19; to suffer a loss of earnings in her employment and an impairment of her earning capacity that will be permanent in nature, <u>see id.</u> ¶ 20; and to suffer and continue to suffer "server physical pain, disability, mental anguish, embarrassment, humiliation, and other incidental costs, all of which Plaintiff believes and therefore avers will be permanent in nature", <u>see id.</u> ¶ 21. Defendants deny any and all allegations of negligence, and deny any and all allegations of liability for Plaintiff's alleged injuries, damages, and/or losses

8.     Pursuant to Pennsylvania pleading rules, Plaintiff has also asserted that the matter and amount in controversy exceeds $50,000. <u>See</u> Exhibit "A."

### Procedural History

9.     This action was initiated by Praecipe for Writ of Summons filed on or about July 12, 2019. <u>See</u> a true and correct copy of the Writ of Summons attached hereto as Exhibit "C".

10.     Affidavits of Service as to Defendants were filed on July 25, 2019 and August 8, 2019. <u>See</u> a true and correct copy of the Affidavits of Service, attached hereto as Exhibit "D".

11.     On November 19, 2019, Plaintiff filed a Complaint in the Philadelphia County Court of Common Pleas.  See Exhibit "A."

12.     The Complaint was served on Defendants, Pennsylvania CVS Pharmacy, L.L.C. and CVS Health Corporation, on the same date.

13.     On November 20, 2019, a Case Management Order was entered in the Court of Common Pleas in Philadelphia, setting court deadlines and putting this case on the complex track.  See a true and correct copy of the November 20, 2019 Case Management Order, attached hereto as Exhibit "E".

14.     Pursuant to 28 U.S.C. § 1446(b)(2)(B), defendants shall have thirty (30) days after service of the Complaint to file a notice of removal.

15.     This notice of removal, and related papers, has been filed within thirty (30) days of the date of service of the Complaint on Defendants and is, therefore, timely under 28 U.S.C. § 1446(b).

### Basis for Removal to Federal Court

16.     A defendant may remove a civil action that was filed in a state court to the federal court for the district in which the state court action is pending, provided the federal court would have original jurisdiction to address the matter.  See 28 U.S.C. §§ 1441(a); 1446(a).

17.     As set forth herein, this Court's original jurisdiction over the instant matter is based upon diversity of citizenship under 28 U.S.C. § 1332, insofar as all parties are of diverse citizenship at all times material hereto, and Plaintiff's claimed damages are in excess of $75,000.

18.     The burden of demonstrating federal court jurisdiction under 28 U.S.C. § 1332 is on the party invoking that jurisdiction, see Frederico v. Home Depot, 507 F.3d 188, 193 (3d Cir. 2007), and the defendant's right to remove is to be determined according to the plaintiff's

pleading at the time of the petition for removal.  See Meritcare Inc. v. St. Paul Mercury Ins. Co., 166 F.3d 214, 217 (3d Cir. 1999).

### The Adverse Parties are Completely Diverse

19.     Complete diversity of citizenship between the parties exists when "every plaintiff [is] of diverse state citizenship from every defendant."  In re Briscoe, 448 F.3d 201, 215 (3d Cir. 2006).

20.     A corporation is considered to be a citizen of its state of incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c).

21.     Under the "nerve center" test adopted by the United States Supreme Court, a corporation's principal place of business is the headquarters of the corporation, *i.e.* that "place where a corporation's officers direct, control, and coordinate the corporation's activities."  Hertz Corp. v. Friend, 559 U.S. 77, 92-93 (2010).

22.     Meanwhile, "the citizenship of an LLC is determined by the citizenship of each of its members."  Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 418 (3d Cir. 2010).

23.     Plaintiff is a citizen of Pennsylvania.  See Exhibit "A", ¶ 1.

24.     Defendant, CVS Health Corporation, is a citizen of State of Rhode Island, as Rhode Island is both its state of incorporation and its principal place of business.  See Exhibit "B."

25.     Defendant, Pennsylvania CVS Pharmacy, L.L.C's sole member is CVS Pharmacy, Inc.  As the sole member of this limited liability company, the citizenship of CVS Pharmacy, Inc. (Rhode Island) is used to determine the citizenship of Pennsylvania CVS Pharmacy, L.L.C.  See id.  Therefore, Defendant, Pennsylvania CVS Pharmacy, L.L.C., is also a citizen of the State of Rhode Island.

26.     Pursuant to 28 USCS § 1441, Defendants sued under fictitious names shall be disregarded, so the addition of John and Jane Doe does not defeat diversity jurisdiction.  See D'Amelio v. Independence Healthcom Strategies Grp., Inc., 2016 U.S. Dist. LEXIS 162312, *8, 2016 WL 6909102 (D.N.J. 2016).

27.     As a result, there is complete diversity of citizenship between the Plaintiff (Pennsylvania) and Defendants (Rhode Island).

### The Amount in Controversy Exceeds $75,000

28.     Under 28 U.S.C. §1332(a), federal jurisdiction based on diversity of citizenship requires that the amount in controversy exceed $75,000.

29.     The amount in controversy is measured by the pecuniary value of the rights being litigated. Hunt v. Washington Apple Advertising Commission, 432 U.S. 333, 347, 53 L. Ed. 2d 383, 97 S. Ct. 2434 (1977).

30.     Generally, the amount in controversy is evaluated by looking to the demand for relief in the complaint.  See, e.g., Samuel-Bassett v. Kia Motors America, Inc., 357 F.3d 392, 398-99 (3d Cir. 2004).

31.     Where, however, the claim for damages is not specific as to the amount, "the amount in controversy is not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated." See Angus v. Shiley Inc., 989 F.2d 142, 146 (3d Cir. 1993).

32.     In addition, where the plaintiff does not specifically aver in its complaint that the amount in controversy is less than the jurisdictional minimum, removal should be permitted unless it appears to a legal certainty that the plaintiff cannot recover the jurisdictional minimum.

See Samuel-Bassett, 357 F.3d at 397-98; see also St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288-89 (1938).

33.    The Court must find that the amount in controversy requirement has been satisfied when a reasonable jury could value the plaintiff's losses at an amount above the jurisdictional minimum.  See Angus, 989 F.2d at 146; see also Corwin Jeep Sales & Service v. American Motors Sales Corp., 670 F. Supp. 591, 596 (M.D. Pa. 1986) (finding amount in controversy requirement met when the court could not "find to a legal certainty that the parties' respective rights under the franchise agreement are worth less than the jurisdictional minimum.").

34.    In this case, Plaintiff alleges to have suffered from "seizures requiring hospitalization", see Exhibit "A", ¶ 16; "permanent internal and external injuries, which rendered her sick, sore, lame, and disabled", see id. ¶ 18; and continuing suffering seizures, see id.  She contends that she has incurred and will continue to incur medical expenses for her injuries "indefinitely into the future", see id. ¶ 19; and that she has suffered not only a loss of earnings, but also an impairment of her earning capacity that will be permanent in nature, see id. ¶ 20. Finally, she contends that she suffers from, and will continue to suffer from "severe physical pain, disability, mental anguish, embarrassment, humiliation, and other incidental costs, all of which Plaintiff believes and therefore avers will be permanent in nature," see id. ¶ 21.

35.    While Defendants deny any and all allegations of negligence, and deny any and all allegations of liability for Plaintiff's alleged injuries, damages, and/or losses, considering the damages claimed by Plaintiff, a reasonable jury could value Plaintiff's losses in an amount in excess of the $75,000 amount in controversy minimum.

36.    For all of the foregoing reasons, the instant action satisfies the amount in controversy requirement pursuant to 28 U.S.C. § 1332, as the amount in controversy is in excess

of $75,000 and it cannot be said "to a legal certainty" that Plaintiff cannot recover more than that amount.

## Conclusion

37.     This Court has original jurisdiction over the instant matter based upon diversity of citizenship under 28 U.S.C. § 1332, as all parties are of diverse citizenship at all times material hereto, and Plaintiff's claimed damages are in excess of $75,000,

38.     The United States District Court for the Eastern District of Pennsylvania is the District Court having jurisdiction over this matter, as the instant civil matter was originally filed in the Court of Common Pleas of Philadelphia County.

39.     Defendants have timely filed for removal of the instant matter to this Court, as they have filed this Notice of Removal within thirty (30) days of service of the Complaint on them.  28 U.S.C. § 1446(b).

40.     As required under 28 U.S.C. § 1446(d), Defendants have also filed copies of this Notice of Removal, and related papers, with the Office of Judicial Records (formerly the Office of the Prothonotary) for the Court of Common Pleas of Philadelphia County, in order to effect the removal of this action.

41.     Simultaneous with the filing of this Notice of Removal, Defendants have given written Notice of Removal to counsel for Plaintiff.

**WHEREFORE**, pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants, Pennsylvania CVS Pharmacy, L.L.C. (incorrectly named by Plaintiff as "Pennsylvania CVS Pharmacy, LLC a/k/a, d/b/a, t/a CVS Pharmacy #4007, a/k/a d/b/a t/a CVS Pharmacy, Inc."), and CVS Health Corporation, respectfully request that the above-captioned matter, now pending in the Court of

Common Pleas of Philadelphia County, be removed to the United States District Court for the Eastern District of Pennsylvania.

POST & SCHELL, P.C.

BY: _____

DATED: DECEMBER 18, 2019

AMALIA V. ROMANOWICZ, ESQUIRE
A. BRYAN TOMLINSON, ESQUIRE
ATTORNEYS FOR DEFENDANTS

**IN THE UNITED STATES DISTRICT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| APRIL PLOEGER<br>3801 Spring Garden Street<br>Apt. 103<br>Philadelphia, PA 19104 | : |
| | : |
| Plaintiff, | : |
| | : |
| vs. | : |
| | : |
| PENNSYLVANIA CVS PHARMACY, LLC<br>a/k/a, d/b/a, t/a CVS PHARMACY #4007,<br>a/k/a, d/b/a, t/a CVS PHARMACY, INC.<br>3925 Walnut Street<br>Philadelphia, PA | : |
| and | : |
| | : |
| CVS HEALTH CORPORATION<br>C/O The Corporate Trust Company<br>Corporate Trust Center<br>1209 Orange Street<br>Wilmington, DE 19801 | : NO. |
| and | : |
| JOHN DOE, Pharmacist and/or Technician<br>who provided and/or sold prescription<br>medications to Plaintiff at CVS store #4007<br>on or around July 27, 2017<br>c/o Pennsylvania CVS Pharmacy, LLC<br>3925 Walnut Street<br>Philadelphia, PA 19104 | : |
| and | : |
| JANE DOE, Pharmacist and/or Technician<br>who provided and/or sold prescription<br>medications to Plaintiff at CVS store #4007<br>on or around July 27, 2017<br>c/o Pennsylvania CVS Pharmacy, LLC<br>3925 Walnut Street<br>Philadelphia, PA 19104 | : |
| | : |
| Defendants. | : |

10

## CERTIFICATE OF SERVICE

I, A. Bryan Tomlinson, Esquire, hereby state that a true and correct copy of the foregoing *Notice of Removal* was served via email and first class U.S. mail, postage prepaid, on the date set forth below upon the following individual(s):

**PLAINTIFF'S COUNSEL:**
Patrick D. MacAvoy, Esquire
Marciano & MacAvoy, P.C.
16 W. Front Street
Media, PA 19063
Email: pmacavoy@marcianolegal.com
Paralegal: Michael DeSimone – mdesimone@marcianolegal.com

**POST & SCHELL, P.C.**

BY: _____

**DATED: DECEMBER 18, 2019**

**AMALIA V. ROMANOWICZ, ESQUIRE
A. BRYAN TOMLINSON, ESQUIRE
ATTORNEYS FOR DEFENDANTS**

11

# EXHIBIT "A"

**JURY OF TWELVE (12) IS DEMANDED**
**ASSESSMENT OF DAMAGES IS REQUIRED**

Filed and Attested by the
Office of Judicial Records
05 DEC 2019 04:10 pm
M. RUSSO

**MARCIANO & MacAVOY, P.C.**
BY: KEVIN R. MARCIANO, ESQUIRE          Attorneys for Plaintiff
BY:  PATRICK D. MacAVOY, ESQUIRE
I.D. NO. 65901/209005
16 W. Front Street
Media, PA 19063
(610) 566-6500
Fax (610) 566-6501
kmarciano@marcianolegal.com
pmacavoy@marcianolegal.com

| | |
|---|---|
| APRIL PLOEGER | : PHILADELPHIA COUNTY |
| 3801 Spring Garden Street | : COURT OF COMMON PLEAS |
| Apt. 103 | : |
| Philadelphia, PA  19104 | : |
| | : JULY TERM, 2019 |
| Plaintiff, | : |
| vs. | : |
| | : No. 1404 |
| | : |
| PENNSYLVANIA CVS PHARMACY, LLC | : |
| a/k/a, d/b/a, t/a CVS PHARMACY #4007, | : |
| a/k/a, d/b/a, t/a CVS PHARMACY, INC. | : |
| 3925 Walnut Street | : |
| Philadelphia, PA | : |
| and | : |
| | : |
| CVS HEALTH CORPORATION | : |
| C/O The Corporate Trust Company | : |
| Corporate Trust Center | : |
| 1209 Orange Street | : |
| Wilmington, DE 19801 | : |
| | : |
| and | : |
| | : |
| JOHN DOE, Pharmacist and/or Technician | : |
| who provided and/or sold prescription | : |
| medications to Plaintiff at CVS store #4007 | : |
| on or around July 27, 2017 | : |
| c/o Pennsylvania CVS Pharmacy, LLC | : |
| 3925 Walnut Street | : |
| Philadelphia, PA 19104 | : |
| and | : |

JANE DOE, Pharmacist and/or Technician    :
who provided and/or sold prescription    :
medications to Plaintiff at CVS store #4007    :
on or around July 27, 2017    :
c/o Pennsylvania CVS Pharmacy, LLC    :
3925 Walnut Street    :
Philadelphia, PA 19104    :
    :
    :
Defendants.    :
    :

Case ID: 190701404

### COMPLAINT – 2M Medical Malpractice

### NOTICE TO DEFEND

You have been sued in court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so the case may be entered against you by the court without further notice for any money claims in this complaint or for any other claim or relief requested by the plaintiff.  You may lose money or property or other rights important to you.

You should take this paper to your lawyer at once.  If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.  This office can provide you with information about hiring a lawyer.  If you cannot afford to hire a lawyer, this office may be able to provide you with information about agencies that may offer legal services to eligible persons at a reduced fee or no fee.

Le han demandado a usted en la corte.  Si usted quiere defenderse de estas de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrtia sus defenses o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notification. Ademas, la corte puede decidir a favor del demandante y requiere que usted compla con todas las provisions de esta demanda.  Usted puede perder dinero o sus propiedades u ostros derechos importantes para usted.

Lleve esta demanda a un abogado inmediatamente, si no tiene abogado o si no tiene el dinero suficiente de pagar tal servico, vaya en persona o llame por telefono a la oficina cuya dirección se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal.   Esta oficina le puede offrecer informacion sobre consiguiendo un abogado.
Si usted no tiene el dinero suficiente para conseguir un abogado, esta oficina quizas pudiera darle informaciÓn sobre agencias que offrecen servicios legal a personas eligibles a precios reducidos o gratis.

Philadelphia Bar Association
Lawyer Referral and Information Service
1101 Market Street, 11th Floor
Philadelphia, Pennsylvania  19107
Telephone:   (215) 238-6333

Associación de licenciados de filadelfia
Servicio de referencia en información legal
1101 Market Street, 11th Floor
Philadelphia, PA  19107
(215) 238-6333

Case ID: 190701404

**JURY OF TWELVE (12) IS DEMANDED**
**ASSESSMENT OF DAMAGES IS REQUIRED**

**MARCIANO & MacAVOY, P.C.**
BY: KEVIN R. MARCIANO, ESQUIRE                                    Attorneys for Plaintiff
BY:  PATRICK D. MacAVOY, ESQUIRE
I.D. NO. 65901/209005
16 W. Front Street
Media, PA 19063
(610) 566-6500
Fax (610) 566-6501
kmarciano@marcianolegal.com
pmacavoy@marcianolegal.com

---

| | | |
|---|---|---|
| APRIL PLOEGER | : | PHILADELPHIA COUNTY |
| 3801 Spring Garden Street | : | COURT OF COMMON PLEAS |
| Apt. 103 | : | |
| Philadelphia, PA  19104 | : | |
| | : | JULY TERM, 2019 |
| Plaintiff, | : | |
| vs. | : | No. 1404 |
| | : | |
| PENNSYLVANIA CVS PHARMACY, LLC | : | |
| a/k/a, d/b/a, t/a CVS PHARMACY #4007, | : | |
| a/k/a, d/b/a, t/a CVS PHARMACY, INC. | : | |
| 3925 Walnut Street | : | |
| Philadelphia, PA 19104 | : | |
| and | : | |
| | : | |
| CVS HEALTH CORPORATION | : | |
| C/O The Corporate Trust Company | : | |
| Corporate Trust Center | : | |
| 1209 Orange Street | : | |
| Wilmington, DE 19801 | : | |
| | : | |
| and | : | |
| | : | |
| JOHN DOE, Pharmacist and/or Technician | : | |
| who provided and/or sold prescription | : | |
| medications to Plaintiff at CVS store #4007 | : | |
| on or around July 27, 2017 | : | |
| c/o Pennsylvania CVS Pharmacy, LLC | : | |
| 3925 Walnut Street | : | |
| Philadelphia, PA 19104 | : | |
| and | : | |

4

Case ID: 190701404

|  | : |
| JANE DOE, Pharmacist and/or Technician | : |
| who provided and/or sold prescription | : |
| medications to Plaintiff at CVS store #4007 | |
| on or around July 27, 2017 | : |
| c/o Pennsylvania CVS Pharmacy, LLC | : |
| 3925 Walnut Street | : |
| Philadelphia, PA 19104 | : |
|  | : |
|  | : |
| Defendants. | : |
|  | : |

## CIVIL ACTION – COMPLAINT

### I.    PARTIES

1.    Plaintiff April Ploeger is an adult individual and resident of the Commonwealth of Pennsylvania, residing at 3801 Spring Garden Street, Apt. 103, Philadelphia, PA 19104.

2.    Defendant Pennsylvania CVS Pharmacy, LLC a/k/a, d/b/a, t/a CVS Pharmacy #4007, a/k/a, d/b/a, t/a CVS Pharmacy, Inc. (hereinafter Pa. CVS Pharmacy) is a business entity duly organized and existing under the laws of the Commonwealth of Pennsylvania, which owns, operates, and/or controls a pharmacy licensed with the Commonwealth of Pennsylvania with a location at 3925 Walnut Street, Philadelphia, PA 19104. Plaintiff is asserting a professional liability claim against Defendant Pa. CVS Pharmacy.

3.    Defendant CVS Health Corporation (hereinafter CVS Health) is a business entity duly organized and existing under the laws of the Commonwealth of Pennsylvania, which owns, operates, and/or controls a pharmacy licensed with the Commonwealth of Pennsylvania with a location at 3925 Walnut Street, Philadelphia, PA 19104.  Plaintiff is asserting a professional liability claim against Defendant CVS Health.

Case ID: 190701404

4.   Defendant John Doe, Pharmacist and/or Technician who provided and/or sold prescription medications to Plaintiff at CVS store #4007 on or around July 27, 2017 is an adult individual who at all times relevant to this case (hereinafter John Doe) was an agent, servant, worker and/or employee of Defendants Pa. CVS Pharmacy and/or CVS Health, acting within the nature and scope of his employment with said Defendants.  He has a place of business at 3925 Walnut Street, Philadelphia, PA 19104.

5.   Defendant Jane Doe, Pharmacist and/or Technician who provided and/or sold prescription medications to Plaintiff at CVS store #4007 on or around July 27, 2017 (hereinafter Jane Doe) is an adult individual who at all times relevant to this case was an agent, servant, worker and/or employee of Defendants Pa. CVS Pharmacy and/or CVS Health, acting within the nature and scope of her employment with said Defendants.  She has a place of business at 3925 Walnut Street, Philadelphia, PA 19104.

6.   At all relevant times, Defendants John Doe and/or Jane Doe was engaged in the practice of pharmaceutical science, and held themselves out to the public as a licensed professional engaged in the practice of pharmaceutical science, possessing the ordinary and customary skill, diligence, and knowledge of like pharmacists and/or technicians in the field, and was duly licensed for such practice under the laws of the Commonwealth of Pennsylvania. Defendants John Doe and/or Jane Doe had a duty to use professional skills, knowledge, and experience in accordance with reasonably safe and acceptable standards of pharmaceutical science.

7.   At all times relevant hereto, Defendants John Doe and/or Jane Doe practiced pharmaceutical science at Defendants Pa. CVS Pharmacy and/or CVS Health.

Case ID: 190701404

8.    At all times material hereto, Defendants Pa. CVS Pharmacy and/or CVS Health employed agents, servants and employees who possess skill, training and diligence for the sole and exclusive purpose of dispensing prescription medications and other pharmaceutical products to the general public.

9.    Any negligent act or omission committed by Defendants John Doe and/or Jane Doe imposes liability upon Defendants Pa. CVS Pharmacy and/or CVS Health under the laws of agency of the Commonwealth of Pennsylvania.

10.    To the extent any individuals who are named or unnamed who dispensed prescription medications to Plaintiff on or after July 29, 2017, Defendants Pa. CVS Pharmacy and/or CVS Health are liable for the actions under the laws of agency of the Commonwealth of Pennsylvania and will require discovery from Defendants.

11.    Defendants Pa. CVS Pharmacy and/or CVS Health are liable for the acts of their actual, apparent, and/or ostensible agents.

12.    Plaintiff is asserting professional liability claims against all Defendants.

## II.    PRE-DISCOVERY ALLEGATIONS

13. At all times relevant hereto, Plaintiff April Ploeger was a customer of Defendants Pa. CVS Pharmacy and/or CVS Health, having her medical prescriptions filled at the CVS Pharmacy located at 3925 Walnut Street, Philadelphia, PA 19104.

14. On or about June 29, 2017 and again on July 29, 2017, Defendants filled Gabapentin prescriptions for Plaintiff, 100 MG capsules.

15. On or about those dates, Plaintiff picked up these prescriptions and was assured by Defendants' employees, Defendant John Doe and/or Jane Doe that the pill bottles contained

Case ID: 190701404

Gabapentin 100 MG capsules.  The bottles were clearly labeled as containing the drug
Gabapentin 100 MG dosage.

16. After the above prescription fills by Defendants, Plaintiff took what she thought were
capsules from her Gabapentin prescription.  However, these capsules were not Gabapentin, but
instead were Prozac (fluoxetine) which caused her to suffer seizures requiring hospitalization, as
set forth in detail below.

17. These Prozac (fluoxetine) capsules were negligently dispensed in Plaintiff's
Gabapentin prescription bottle by Defendants' employees, John Doe and/or Jane Doe, who were
acting within the nature and scope of their employment with Defendants Pa. CVS Pharmacy
and/or CVS Health.

18. As a direct and proximate result of Defendants' negligence, which is described in
detail below, Plaintiff April Ploeger suffered permanent internal and external injuries, which
rendered her sick, sore, lame, and disabled.  She was hurt, wounded, and bruise in and about her
head, limbs, and body.  More particularly, she suffered from seizures, and she continues to suffer
from seizures.

19. As a further result of the Defendants' negligence, Plaintiff has been required to incur
expenses for necessary and reasonable medical treatment for his aforesaid injuries.  Plaintiff is
advised, believes, and therefore avers that she will continue to require medical care for her
injuries indefinitely into the future.

20. As a further result of the Defendants' negligence, Plaintiff April Ploeger has suffered
a loss of earnings in her employment and an impairment of her earning capacity.  Plaintiff April
Ploeger believes and therefore avers that her aforesaid loss of earnings and impairment of
earning capacity will be permanent in nature.

Case ID: 190701404

21. As a further result of the Defendants' aforesaid negligence, Plaintiff April Ploeger has suffered and will continue to suffer severe physical pain, disability, mental anguish, embarrassment, humiliation, and other incidental costs, all of which Plaintiff believes and therefore avers will be permanent in nature.

22. The events set forth herein which resulted in the injures to the Plaintiff were caused solely and exclusively by reason of the negligence, carelessness, and other wrongful and liability-producing conduct of the Defendants named herein, individually, jointly, and/or severally.

23. The grievous injuries suffered by Plaintiff were due in no manner whatsoever to any act or failure to act on the part of Plaintiff.

## COUNT I

### PLAINTIFF APRIL PLOEGER
### v.
### DEFENDANT PA CVS PHARMACY

24. All preceding paragraphs of this complaint are hereby incorporated by reference.

25. At all times pertinent hereto the pharmacists, pharmacy technicians and like personnel dispensing prescription drugs at Defendants' pharmacy located at 3925 Walnut Street, Philadelphia, PA 19104 were acting as the sole or joint agents, servants, and employees of Defendants Pa. CVS Pharmacy and/or CVS Health, in the course and scope of their employment with the aforesaid Defendants.

26. At all times, Defendant Pa. CVS Pharmacy and it employees, as a business of pharmacy professionals, owed a duty of care to Plaintiff April Ploeger to uphold the professional standards of care for pharmacists and pharmacy technicians with respect to Plaintiff, a customer/patient relying on the accuracy and efficacy of medications being dispensed to her.

Case ID: 190701404

27. In relevant part, this standard of care for pharmacists and/or pharmacy technicians includes the duty to ensure that the proper medications, number of capsules and dosages are dispensed and that these medications, their dosages, instructions for use and contraindications are clearly labeled on the medication bottle and bag before being handed to the patient/customer such as Plaintiff.  It is incumbent upon the pharmacy professional to check and recheck the medications and dosages of medications being dispensed, and likewise instituting procedures to ensure that medications are not mismatched, mislabeled or incorrectly dosed.

28. Plaintiff's injuries and damages were a direct and proximate result of the professional negligence and breaches of the pharmacy professional standards of care by Defendant Pa. CVS Pharmacy, acting through its agents, ostensible agents, apparent agents, employees, and/or servants in the following respects:

a) In failing to properly document and appreciate Plaintiff's prior medical and pharmaceutical history;

b) In failing to properly document and appreciate Plaintiff's current medical and pharmaceutical needs;

c) In failing to properly dispense Gabapentin to Plaintiff, but instead mixing in Prozac (fluoxetine) capsules into the Gabapentin prescription bottle received by Plaintiff;

d) In failing to check that the proper Gabapentin medication was being dispensed into the Gabapentin prescription bottle rather than Prozac (fluoxetine) capsules;

e) In failing to warn Plaintiff of the presence of Prozac (fluoxetine) in the prescription bottle alleged to contain Gabapentin;

f) In failing to properly establish procedures to ensure that prescription medications are not mixed during the dispensing process;

g) In failing to exercise caution in dispensing prescription medications for patients/ customers such as Plaintiff;

Case ID: 190701404

h)   In failing to protect or prevent Plaintiff from suffering the above-mentioned injuries;

i)   In traumatically injuring Plaintiff's nervous system and metabolism, by inducing seizures;

j)   In violating the standard of care for pharmacists and/or pharmacy professionals by dispensing Prozac (fluoxetine) instead of Gabapentin pursuant to the physician's prescription for Plaintiff;

k)   In failing to employ proper and accepted pharmacy procedures to avoid the mixing of prescription medications being dispensed to patient/customers;

l)   In failing to consider the contraindications and/or risks of harm in the dispensing Prozac (fluoxetine) instead of Gabapentin to Plaintiff, particularly in light of Plaintiff's history and conditions; and

m)   In failing to use due care to provide proper and adequate procedures for properly and safely dispensing prescription medications for treatment of Plaintiff's condition.

WHEREFORE, Plaintiff demands judgment against Defendants, individually and jointly and severally, in an amount in excess of Fifty Thousand Dollars ($50,000.00) in compensatory damages, delay damages pursuant to Pa. R.C.P. 238, interest and allowable costs of suit.

## COUNT II

### PLAINTIFF APRIL PLOEGER
### v.
### DEFENDANT CVS HEALTH

29. All preceding paragraphs of this complaint are hereby incorporated by reference.

30. At all times pertinent hereto the pharmacists, pharmacy technicians and like personnel dispensing prescription drugs at Defendants' pharmacy located at 3925 Walnut Street, Philadelphia, PA 19104 were acting as the sole or joint agents, servants, and employees of Defendants Pa. CVS Pharmacy and/or CVS Health, in the course and scope of their employment with the aforesaid Defendants.

11

Case ID: 190701404

31. At all times, Defendant  CVS Health and it employees, as a business of pharmacy professionals, owed a duty of care to Plaintiff April Ploeger to uphold the professional standards of care for pharmacists and pharmacy technicians  with respect to Plaintiff, a customer/patient relying on the accuracy and efficacy of medications being dispensed to her.

32. In relevant part, this standard of care for pharmacists and/or pharmacy technicians includes the duty to ensure that the proper medications, number of capsules and capsule/pill dosages are dispensed and that these medications, their dosages, instructions for use and contraindications are clearly labeled on the medication bottle and bag before being handed to the patient/ customers such as Plaintiff. It is incumbent upon the pharmacy professional to check and re check the medications and dosages of medications being dispensed, and likewise instituting procedures to ensure that medications are not mismatched, mislabeled or incorrectly dosed.

33. Plaintiff's injuries and damages were a direct and proximate result of the professional negligence and breaches of the pharmacy professional  standards of care by Defendant Pa. CVS Pharmacy, acting through  its agents, ostensible agents, apparent agents, employees, and/or or servants in the following respects:

   a) In failing to properly document and appreciate Plaintiff's prior medical and pharmaceutical history;

   b) In failing to properly document and appreciate Plaintiff's current medical and pharmaceutical needs;

   c) In failing to properly dispense Gabapentin to Plaintiff, but instead mixing in Prozac (fluoxetine) capsules into the Gabapentin prescription bottle received by Plaintiff;

   d) In failing to check that the proper Gabapentin medication was being dispensed into the Gabapentin prescription bottle rather than Prozac (fluoxetine).;

   e) In failing to warn Plaintiff of the presence of Prozac (fluoxetine) in the prescription bottle alleged to contain Gabapentin;

Case ID: 190701404

f)     In failing to properly establish procedures to ensure that prescription medications are not mixed during the dispensing process;

g)     In failing to exercise caution in dispensing prescription medications for patients/ customers such as Plaintiff;

h)     In failing to protect or prevent Plaintiff from suffering the above-mentioned injuries;

i)     In traumatically injuring Plaintiff's nervous system and metabolism, by inducing seizures;

j)     In violating the standard of care for pharmacists and/or pharmacy professionals by dispensing Prozac (fluoxetine) instead of Gabapentin pursuant to the physician's prescription for Plaintiff;

k)     In failing to employ proper and accepted pharmacy procedures to avoid the mixing of prescription medications being dispensed to patient/customers;

l)     In failing to consider the contraindications and/or risks of harm in the dispensing Prozac (fluoxetine) instead of Gabapentin to Plaintiff, particularly in light of Plaintiff's history and conditions; and

m)     In failing to use due care to provide proper and adequate procedures for properly and safely dispensing prescription medications for treatment of Plaintiff's condition.

WHEREFORE, Plaintiff demands judgment against Defendants, individually and jointly and severally, in an amount in excess of Fifty Thousand Dollars ($50,000.00) in compensatory damages, delay damages pursuant to Pa. R.C.P. 238, interest and allowable costs of suit.

## COUNT III

### PLAINTIFF APRIL PLOEGER
### v.
### DEFENDANT JOHN DOE

34. All preceding paragraphs of this complaint are hereby incorporated by reference.

35. At all times pertinent hereto the Defendant John Doe was a pharmacist, pharmacy technician and/or like personnel dispensing prescription drugs at Defendants' pharmacy located

13

Case ID: 190701404

at 3925 Walnut Street, Philadelphia, PA 19104 and at all times relevant hereto was acting as the sole or joint agent, servant, and employee of Defendants Pa. CVS Pharmacy and/or CVS Health, in the course and scope of his employment with the aforesaid Defendants.

36. At all times, Defendant John Doe as a pharmacy professional, owed a duty of care to Plaintiff April Ploeger to uphold the professional standards of care for pharmacists and pharmacy technicians with respect to Plaintiff, a customer/patient relying on the accuracy and efficacy of medications being dispensed to her.

37. In relevant part, this standard of care for pharmacists and/or pharmacy technicians includes the duty to ensure that the proper medications, number of capsules and capsule/pill dosages are dispensed and that these medications, their dosages, instructions for use and contraindications are clearly labeled on the medication bottle and bag before being handed to the patient/customer such as Plaintiff.  It is incumbent upon the pharmacy professional to check and recheck the medications and dosages of medications being dispensed, and likewise instituting procedures to ensure that medications are not mismatched, mislabeled or incorrectly dosed.

38. Plaintiff's injuries and damages were a direct and proximate result of the professional negligence and breaches of the pharmacy professional  standards of care by Defendant John Doe in the following respects:

    a)    In failing to properly document and appreciate Plaintiff's prior medical and pharmaceutical history;

    b)    In failing to properly document and appreciate Plaintiff's current medical and pharmaceutical needs;

    c)    In failing to properly dispense Gabapentin to Plaintiff, but instead mixing in Prozac (fluoxetine) capsules into the Gabapentin prescription bottle received by Plaintiff;

    d)    In failing to check that the proper Gabapentin medication was being dispensed into the Gabapentin prescription bottle rather than Prozac (fluoxetine).;

14

Case ID: 190701404

e)   In failing to warn Plaintiff of the presence of Prozac (fluoxetine) in the prescription bottle alleged to contain Gabapentin;

f)   In failing to properly establish procedures to ensure that prescription medications are not mixed during the dispensing process;

g)   In failing to exercise caution in dispensing prescription medications for patients/ customers such as Plaintiff;

h)   In failing to protect or prevent Plaintiff from suffering the above-mentioned injuries;

i)   In traumatically injuring Plaintiff's nervous system and metabolism, by inducing seizures;

j)   In violating the standard of care for pharmacists and/or pharmacy professionals by dispensing Prozac (fluoxetine) instead of Gabapentin pursuant to the physician's prescription for Plaintiff;

k)   In failing to employ proper and accepted pharmacy procedures to avoid the mixing of prescription medications being dispensed to patient/customers;

l)   In failing to consider the contraindications and/or risks of harm in the dispensing Prozac (fluoxetine) instead of Gabapentin to Plaintiff, particularly in light of Plaintiff's history and conditions; and

m)   In failing to use due care to provide proper and adequate procedures for properly and safely dispensing prescription medications for treatment of Plaintiff's condition.

WHEREFORE, Plaintiff demands judgment against Defendants, individually and jointly and severally, in an amount in excess of Fifty Thousand Dollars ($50,000.00) in compensatory damages, delay damages pursuant to Pa. R.C.P. 238, interest and allowable costs of suit.

## COUNT IV

### PLAINTIFF APRIL PLOEGER
### v.
### DEFENDANT JANE DOE

39. All preceding paragraphs of this complaint are hereby incorporated by reference.

Case ID: 190701404

40. At all times pertinent hereto the Defendant Jane Doe was a pharmacist, pharmacy technician and/or like personnel dispensing prescription drugs at Defendants' pharmacy located at 3925 Walnut Street, Philadelphia, PA 19104 and at all times relevant hereto was acting as the sole or joint agent, servant, and employee of Defendants Pa. CVS Pharmacy and/or CVS Health, in the course and scope of his employment with the aforesaid Defendants.

41. At all times, Defendant Jane Doe as a pharmacy professional, owed a duty of care to Plaintiff April Ploeger to uphold the professional standards of care for pharmacists and pharmacy technicians with respect to Plaintiff, a customer/patient relying on the accuracy and efficacy of medications being dispensed to her.

42. In relevant part, this standard of care for pharmacists and/or pharmacy technicians includes the duty to ensure that the proper medications, number of capsules and capsule/pill dosages are dispensed and that these medications, their dosages, instructions for use and contraindications are clearly labeled on the medication bottle and bag before being handed to the patient/customer such as Plaintiff.  It is incumbent upon the pharmacy professional to check and recheck the medications and dosages of medications being dispensed, and likewise instituting procedures to ensure that medications are not mismatched, mislabeled or incorrectly dosed.

43. Plaintiff's injuries and damages were a direct and proximate result of the professional negligence and breaches of the pharmacy professional  standards of care by Defendant Jane Doe in the following respects:

    a)   In failing to properly document and appreciate Plaintiff's prior medical and pharmaceutical history;

    b)   In failing to properly document and appreciate Plaintiff's current medical and pharmaceutical needs;

Case ID: 190701404

c)     In failing to properly dispense Gabapentin to Plaintiff, but instead mixing in Prozac (fluoxetine) capsules into the Gabapentin prescription bottle received by Plaintiff;

d)     In failing to check that the proper Gabapentin medication was being dispensed into the Gabapentin prescription bottle rather than Prozac (fluoxetine).;

e)     In failing to warn Plaintiff of the presence of Prozac (fluoxetine) in the prescription bottle alleged to contain Gabapentin;

f)     In failing to properly establish procedures to ensure that prescription medications are not mixed during the dispensing process;

g)     In failing to exercise caution in dispensing prescription medications for patients/ customers such as Plaintiff;

h)     In failing to protect or prevent Plaintiff from suffering the above-mentioned injuries;

i)     In traumatically injuring Plaintiff's nervous system and metabolism, by inducing seizures;

j)     In violating the standard of care for pharmacists and/or pharmacy professionals by dispensing Prozac (fluoxetine) instead of Gabapentin pursuant to the physician's prescription for Plaintiff;

k)     In failing to employ proper and accepted pharmacy procedures to avoid the mixing of prescription medications being dispensed to patient/customers;

l)     In failing to consider the contraindications and/or risks of harm in the dispensing Prozac (fluoxetine) instead of Gabapentin to Plaintiff, particularly in light of Plaintiff's history and conditions; and

m)     In failing to use due care to provide proper and adequate procedures for properly and safely dispensing prescription medications for treatment of Plaintiff's condition.

WHEREFORE, Plaintiff demands judgment against Defendants, individually and jointly and severally, in an amount in excess of Fifty Thousand Dollars ($50,000.00) in compensatory damages, delay damages pursuant to Pa. R.C.P. 238, interest and allowable costs of suit.

Case ID: 190701404

44. All preceding paragraphs of this complaint are hereby incorporated by reference.

45. At all times pertinent hereto the Defendant Jane Doe was a pharmacists, pharmacy technician and/or like personnel dispensing prescription drugs at Defendants' pharmacy located at 3925 Walnut Street, Philadelphia, PA 19104 and at all times relevant hereto was acting as the sole or joint agent, servant, and employee of Defendants Pa. CVS Pharmacy and CVS Health, in the course and scope of his employment with the aforesaid Defendants.

46. At all times, Defendant  Jane Doe as a  pharmacy professional, owed a duty of care to Plaintiff April Ploeger to uphold the professional standards of care for pharmacists and pharmacy technicians  with respect to Plaintiff, a customer/patient relying on the accuracy and efficacy of medications being dispensed to her.

47. In relevant part, this standard of care for pharmacists and/or pharmacy technicians includes the duty to ensure that the proper medications, number of capsules and capsule/pill dosages are dispensed and that these medications, their dosages, instructions for use and contraindications are clearly labeled on the medication bottle and bag before being handed to the patient/ customers such as Plaintiff.  It is incumbent upon the pharmacy professional to check and re check the medications and dosages of medications being dispensed, and likewise instituting procedures to ensure that medications are not mismatched, mislabeled or incorrectly dosed.

48. Plaintiff's injuries and damages were a direct and proximate result of the professional negligence and breaches of the pharmacy professional  standards of care by Defendant Jane Doe in the following respects:

      a)   In failing to properly document and appreciate Plaintiff's prior medical and pharmaceutical history;

18

Case ID: 190701404

b)   In failing to properly document and appreciate Plaintiff's current medical and pharmaceutical needs;

c)   In failing to properly dispense Gabapentin to Plaintiff, but instead mixing in Prozac (fluoxetine) capsules into the Gabapentin prescription bottle received by Plaintiff;

d)   In failing to check that the proper Gabapentin medication was being dispensed into the Gabapentin prescription bottle rather than Prozac (fluoxetine).;

e)   In failing to warn Plaintiff of the presence of Prozac (fluoxetine) in the prescription bottle alleged to contain Gabapentin;

f)   In failing to properly establish procedures to ensure that prescription medications are not mixed during the dispensing process;

g)   In failing to be more cautious in dispensing prescription medications for patients/ customers such as Plaintiff;

h)   In failing to protect or prevent Plaintiff from suffering the above-mentioned injuries;

i)   In traumatically injuring Plaintiff's nervous system and metabolism, by inducing seizures;

j)   In violating the standard of care for pharmacists and/or pharmacy professionals by dispensing Prozac (fluoxetine) instead of Gabapentin pursuant to the physician's prescription for Plaintiff;

k)   In failing to employ proper and accepted pharmacy procedures to avoid the mixing of prescription medications being dispensed to patient/customers;

l)   In failing to consider the contraindications and/or risks of harm in the dispensing Prozac (fluoxetine) instead of Gabapentin to Plaintiff, particularly in light of Plaintiff's history and conditions and

m)   In failing to use due care to provide proper and adequate procedures for properly and safely dispensing prescription medications for treatment of Plaintiff's condition.

WHEREFORE, Plaintiff demands judgment against Defendants, individually and jointly and severally, in an amount in excess of Fifty Thousand Dollars ($50,000.00) in compensatory damages, delay damages pursuant to Pa. R.C.P. 238, interest and allowable costs of suit.

Case ID: 190701404

MARCIANO & MACAVOY, P.C.


By: *Patrick D. MacAvoy*
      KEVIN R. MARCIANO, ESQUIRE
      PATRICK D. MacAVOY, ESQUIRE
      Attorneys for Plaintiff

Date:  November 19, 2019

Case ID: 190701404

# **VERIFICATION**

Patrick D. MacAvoy, Esquire, the undersigned hereby states that he is counsel for Plaintiff and verifies that the facts set forth in the foregoing filing are true and correct to the best of his knowledge, information and belief.  The undersigned understands that the statements therein are made subject to the penalties of 18 Pa. C.S. Section 4904 relating to unsworn falsification to authorities.

_Patrick D. MacAvoy_
KEVIN R. MARCIANO, ESQUIRE
PATRICK D. MacAVOY, ESQUIRE
Attorneys for Plaintiff

Date:   November 19, 2019

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing filing was sent via electronic filing to all counsel of record indicated below. All other parties not served electronically were served in accordance with Pa.R.C.P. 440. All other parties will be electronically served by the Court in accordance with Pa.R.C.P 205.4(g).

Amalia V. Romanowicz, Esq.
Post & Schell
Four Penn Center, 13th Floor
1600 JFK Boulevard
Philadelphia, PA  19103
aromanowicz@postschell.com
(215) 320-4716

A. Bryan Tomlinson, Esq.
Post & Schell
Four Penn Center, 13th Floor
1600 JFK Boulevard
Philadelphia, PA  19103
btomlinson@postschell.com
(215) 587-1444

By: *Patrick D. MacAvoy*
    KEVIN R. MARCIANO, ESQUIRE
    PATRICK D. MacAVOY, ESQUIRE
    Attorneys for Plaintiff

Date:  November 19, 2019

# EXHIBIT "B"

**IN THE UNITED STATES DISTRICT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

APRIL PLOEGER,  :
  :
Plaintiff,  :
  :
vs.  :
  : NO.
PENNSYLVANIA CVS PHARMACY, LLC  :
A/K/A, D/B/A, T/A CVS PHARMACY #4007,  :
A/K/A, D/B/A, T/A CVS PHARMACY, INC.  :
AND CVS HEALTH CORPORATION  AND  :
JOHN DOE AND JANE DOE,  :
Defendant.  :

**AFFIDAVIT OF MELANIE K. LUKER**
**IN SUPPORT OF DEFENDANTS' NOTICE OF REMOVAL**

BEFORE ME, the undersigned Notary, on this day personally appeared MELANIE K. LUKER, and being by me first duly sworn, on her oath, states as follows:

1.      My name is Melanie Luker, and I am over the age of twenty-one.  All of the information set forth in this Affidavit is based on my personal knowledge, or information and belief based on where stated, and if called and sworn as a witness, I could and would competently testify thereto.

2.      I am the Senior Manager, Corporate Services of CVS Pharmacy, Inc., a non-party to the case.  I am also identified as "Assistant Secretary" in documents filed with the Secretary of State on behalf of CVS Pharmacy, Inc.

3.      This Affidavit is submitted in support of Defendants, Pennsylvania CVS Pharmacy, L.L.C.[1] and CVS Health Corporation's Notice of Removal Pursuant to 28 U.S.C. §1332 and U.S.C. §1441.

---

[1] Pennsylvania CVS Pharmacy, L.L.C. is incorrectly named by Plaintiff as "Pennsylvania CVS Pharmacy, LLC a/k/a, d/b/a, t/a CVS Pharmacy #4007, a/k/a d/b/a t/a CVS Pharmacy, Inc."

4.      CVS Health Corporation is a corporation organized and existing under the laws of the State of Rhode Island with its principal place of business, headquarters, and center of direction, control, and coordination in Woonsocket, Rhode Island.

5.      Pennsylvania CVS Pharmacy, L.L.C. is a limited liability company organized and existing under the laws of the Commonwealth of Pennsylvania.

6.      The sole member of Pennsylvania CVS Pharmacy, L.L.C. is CVS Pharmacy, Inc.

7.      CVS Pharmacy, Inc. is a corporation organized and existing under the laws of the State of Rhode Island with its principal place of business, headquarters, and center of direction, control, and coordination in Woonsocket, Rhode Island.

_____

MELANIE K. LUKER

Sworn to before me this

16th day of December, 2019

_____

NOTARY PUBLIC

Christina M. Cappalli, Notary Public
State of Rhode Island and Providence Plantations
ID # 758965
My Commission Expires March 21, 2020

2

# EXHIBIT "C"

**MARCIANO & MacAVOY, P.C.**
BY: KEVIN R. MARCIANO, ESQUIRE
BY:  PATRICK D. MacAVOY, ESQUIRE
I.D. NO. 65901/209005
16 W. Front Street
Media, PA 19063
(610) 566-6500
Fax (610) 566-6501
kmarciano@marcianolegal.com
pmacavoy@marcianolegal.com



Attorneys for Plaintiff

*Filed and Attested by the
Office of Judicial Records
12 JUL 2019 03:23 pm
E. FEDER*

---

| | | |
|---|---|---|
| APRIL PLOEGER | : | PHILADELPHIA COUNTY |
| 3801 Spring Garden Street | : | COURT OF COMMON PLEAS |
| Apt. 103 | : | |
| Philadelphia, PA  19104 | : | |
| | : | JULY TERM, 2019 |
| Plaintiff, | : | |
| vs. | : | No. |
| | : | |
| PENNSYLVANIA CVS PHARMACY, LLC | : | |
| a/k/a, d/b/a, t/a CVS PHARMACY #4007, | : | |
| a/k/a, d/b/a, t/a CVS PHARMACY, INC. | : | |
| 3925 Walnut Street | : | |
| Philadelphia, PA | : | |
| and | : | |
| | : | |
| CVS HEALTH CORPORATION | : | |
| C/O The Corporate Trust Company | : | |
| Corporate Trust Center | : | |
| 1209 Orange Street | : | |
| Wilmington, DE 19801 | : | |
| | : | |
| and | : | |
| | : | |
| JOHN DOE, Pharmacist and/or Technician | : | |
| who provided and/or sold prescription | : | |
| medications to Plaintiff at CVS store #4007 | : | |
| on or around July 27, 2017 | : | |
| c/o Pennsylvania CVS Pharmacy, LLC | : | |
| 3925 Walnut Street | : | |
| Philadelphia, PA 19104 | : | |
| and | : | |
| | : | |
| JANE DOE, Pharmacist and/or Technician | : | |
| who provided and/or sold prescription | : | |

medications to Plaintiff at CVS store #4007    :
on or around July 27, 2017                       :
c/o Pennsylvania CVS Pharmacy, LLC               :
3925 Walnut Street                               :
Philadelphia, PA 19104                           :
                                                 :
                                                 :
Defendants.                                      :

## PRAECIPE TO ISSUE WRIT OF SUMMONS

TO THE PROTHONOTARY:

    Kindly issue the attached Writ of Summons in the above-captioned matter.

               MARCIANO & MacAVOY, P.C.

          By:   *Patrick D. MacAvoy*
               KEVIN R. MARCIANO, ESQUIRE
               PATRICK D. MacAVOY, ESQUIRE
               Attorneys for Plaintiff

Date: <u>July 12, 2019</u>

C.P.97

# Commonwealth of Pennsylvania
## CITY AND COUNTY OF PHILADELPHIA

SUMMONS
*CITACION*

APRIL PLOEGER
3801 Spring Garden Street, Apt. 103
Philadelphia, PA 19104

COURT OF COMMON PLEAS

JULY _____ Term. 20 <u>19</u>

No. _____

*vs.*

PENNSYLVANIA CVS PHARMACY,LLC, a/k/a d/b/a, t/a CVS PHARMACY #4007, a/k/a d/b/a, t/a CVS PHARMACY, INC., 3925 Walnut Street, Philadelphia, PA 19104 and CVS HEALTH CORPORATION, c/o Corporation Trust Co., 1209 Orange St., Wilmington, DE 19801 and JOHN DOE, Pharmacist and/or Technician who provided and/or sold prescription medications to Plaintiff at CVS Store # 4007 on or around July 29, 2017, c/o Pa. CVS Pharmacy,LLC, 3925 Walnut St., Philadelphia ., PA 19104 and JANE DOE, Pharmacist and/or Technician who provided and/or sold prescription medications to Plaintiff at CVS Store # 4007 on or around July 29, 2017, c/o Pa. CVS Pharmacy, LLC, 3925 Walnut St., Philadelphia ., PA 19104

To<sup>(1)</sup>

PENNSYLVANIA CVS PHARMACY,LLC, a/k/a d/b/a, t/a CVS PHARMACY #4007, a/k/a d/b/a, t/a CVS PHARMACY, INC.
3925 Walnut Street
Philadelphia, PA 19104

CVS HEALTH CORPORATION
c/o Corporation Trust Co.,
Corporation Trust Center
1209 Orange Street
Wilmington, DE. 19801

JOHN DOE, Pharmacist and/or Technician who provided and/or sold prescription medications to Plaintiff at CVS Store # 4007 on or around 7/27/17 c/o Pennsylvania CVS Pharmacy, LLC, 3925 Walnut Street, Phila, PA 19104

JANE DOE, Pharmacist and/or Technician who provided and/or sold prescription medications to Plaintiff at CVS Store # 4007 on or around 7/27/17 , c/o Pennsylvania CVS Pharmacy, LLC, 3925 Walnut Street, Phila., PA 19104

You are notified that the Plaintiff<sup>(2)</sup>
*Usted esta avisado que el demandante<sup>(2)</sup>*

April Ploeger

Has (have) commenced an action against you.
*Ha (han) iniciado una accion en contra suya.*



JOSEPH H. EVERS
*Prothonotary*

By _____

Date <u>July 12, 2019</u>

<sup>(1)</sup> Name(s) of Defendant(s)
<sup>(2)</sup> Name(s) of Plaintiff(s)

10-208 (Rev. 6/00)

Case ID: 190701404

# COURT OF COMMON PLEAS

APRIL PLOEGER
3801 Spring Garden Street, Apt. 103
Philadelphia, PA 19104

JULY _____ Term, 20 _19_ No. _____

vs.

PENNSYLVANIA CVS PHARMACY,LLC, a/k/a d/b/a, t/
a CVS PHARMACY #4007, a/k/a d/b/a, t/a CVS
PHARMACY, INC., 3925 Walnut Street, Philadelphia, PA
19104 and CVS HEALTH CORPORATION, c/o
Corporation Trust Co., 1209 Orange St., Wilmington, DE

**SUMMONS**

Case ID: 190701404

# EXHIBIT "D"

**AFFIDAVIT OF SERVICE**

HEAVEN SENT
LEGAL SERVICES

Filed and Attested by the
Office of Judicial Records
25 JUL 2019 03:24 pm
G. IMPERATO

| Case:<br>190701404 | Court:<br>COURT OF COMMON PLEAS OF THE COUNTY OF<br>PHILADELPHIA | County:<br>PHILADELPHIA, PA | Job:<br>387926? (93151?) |
|---|---|---|---|
| **Plaintiff / Petitioner:**<br>APRIL PLOEGER | | **Defendant / Respondent:**<br>PENNSYLVANIA CVS PHARMACY, LLC A/K/A, D/B/A, T/A CVS<br>PHARMACY #4007, A/K/A, D/B/A, T/A CVS PHARMACY, INC.; CVS<br>HEALTH CORPORATION C/O THE CORPORATE TRUST COMPANY;<br>JOHN DOE, PHARMACIST AND/OR TECHNICIAN WHO PROVIDED<br>AND/OR SOLD PRESCRIPTION MEDICATIONS TO PLAINTIFF AT<br>CVS STORE #4007 ON OR AROUND JULY, 27 2017 C/O<br>PENNSYLVANIA CVS PHARMACY, LLC; AND JANE DOE,<br>PHARMACIST AND/OR TECHNICIAN WHO PROVIDED AND/OR<br>SOLD PRESCRIPTION MEDICATIONS TO PLAINTIFF AT CVS STORE<br>#4007 ON OR AROUND JULY 2017 C/O PENNSYLVANIA CVS<br>PHARMACY, LLC | |
| **Received by:**<br>HEAVEN SENT LEGAL SERVICES | | **For:**<br>MARCIANO & MacAVOY | |
| **To be served upon:**<br>PENNSYLVANIA CVS PHARMACY, LLC A/K/A, D/B/A, T/A CVS PHARMACY #4007, A/K/A, D/B/A, T/A CVS PHARMACY, INC | | | |

I, TIM PORVAZNIK, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:**    Roz Harnet, COMPANY: 3925 WALNUT ST, PHILADELPHIA, PA 19104

**Manner of Service:**    Corporation, Jul 22, 2019, 12:45 pm EDT

**Documents:**    CIVIL COVER SHEET, PRAECIPE TO ISSUE WRIT OF SUMMONS, SUMMONS, AND NOTICE OF DEPOSITION / NOTICE TO PRODUCE IN AID OF PREARING COMPLAINT, (Received Jul 19, 2019 at 2:46pm EDT)

**Additional Comments:**
1) Successful Attempt: Jul 22, 2019, 12:45 pm EDT at COMPANY: 3925 WALNUT ST, PHILADELPHIA, PA 19104 received by Roz Harnet. Age: 50; Ethnicity: African American; Gender: Female; Weight: 160; Height: 5'5"; Hair: Brown; Eyes: Brown; Other: Store Manager.;

_____        07/24/2019
TIM PORVAZNIK                        Date

HEAVEN SENT LEGAL SERVICES
421 N 7TH ST SUITE 422
PHILADELPHIA , PA 19123
866-331-4220

Subscribed and sworn to before me by the affiant who is
personally known to me.

_____
Notary Public

7/24/19                    June 1, 2024
Date            Commission Expires

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
CHRISTINA GRIEB, Notary Public
City of Philadelphia, Phila. County
My Commission Expires June 1, 2023

**MARCIANO & MacAVOY, P.C.**
BY: KEVIN R. MARCIANO, ESQUIRE
BY:  PATRICK D. MacAVOY, ESQUIRE
I.D. NO. 65901/209005
16 W. Front Street
Media, PA 19063
(610) 566-6500
Fax (610) 566-6501
kmarciano@marcianolegal.com
pmacavoy@marcianolegal.com



Attorneys for Plaintiff

*Filed and Attested by the*
*Office of Judicial Records*
*08 AUG 2019 02:02 pm*
*G. IMPERATO*

| | | |
|---|---|---|
| APRIL PLOEGER, | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| Plaintiff, | : | |
| vs. | : | |
| | : | JULY TERM, 2019 |
| PENNSYLVANIA CVS PHARMACY, LLC | : | |
| a/k/a, d/b/a, t/a CVS PHARMACY #4007, | : | No. 1404 |
| a/k/a, d/b/a, t/a CVS PHARMACY, INC., | : | |
| et al. | : | |
| | : | |
| Defendants. | : | |

### AFFIDAVIT OF SERVICE OF PROCESS BY CERTIFIED MAIL
### UPON DEFENDANT CVS HEALTH CORPORATION

      I, PATRICK D. MacAVOY, ESQUIRE, certify that I served a true and accurate copy of Civil Cover Sheet, Plaintiffs' Praecipe to Issue Writ of Summons, Writ of Summons and Notices of Depositions in Aid of Preparing Complaint by certified mail on August 1, 2019 per the attached return receipt card, attached as Exhibit 1:

      Article No.      7007 2680 0000 0955 9567
      Date of Delivery: August 1, 2019

      Addressed to:      Agent for Service of Process
                             c/o Corporate Trust Co.
                             1209 Orange Street
                             Wilmington, DE 19801

      Received by:      CT Corporation

                                   **MARCIANO & MACAVOY, P.C.**

                             By:  */s/ Patrick D. MacAvoy*
                                    PATRICK D. MacAVOY, ESQUIRE
Date: <u>August 7, 2019</u>              Attorney for Plaintiff

Exhibit 1

Case ID: 190701404

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

CVS Health Corporation
c/o Corporate Trust Co.
1209 Orange St.
Wilmington, DE 19801

9590 9402 5228 9122 5021 30

2. Article Number (Transfer from service label)

7007 2680 0000 0955 9567

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X ☐ Agent
☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

RECEIVED
AUG 0 1 2019
CT CORPORATION

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053    Domestic Return Receipt

Case ID: 190701404

# EXHIBIT "E"



**IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY**
**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**
**TRIAL DIVISION – CIVIL**

| | |
|---|---|
| *PLOEGER* | *July Term 2019* |
| *VS* | *No. 01404* |
| *PENNSYLVANIA C* | |
| *VS* | |
| *PHARMACY, LLC ETAL* | |

*CASE MANAGEMENT ORDER*
*COMPLEX TRACK*

DOCKETED
TRIAL DIVISION - CIVIL
20-NOV-2019
**J. SULLIVAN**

AND NOW, 20-NOV-2019 , it is Ordered that:

1. The case management and time standards adopted for complex track cases shall be applicable to this case and are hereby incorporated into this Order.

2. All *discovery* on the above matter shall be completed not later than *01-FEB-2021.*

3. *Plaintiff* shall identify and submit *curriculum vitae and expert reports* of all expert witnesses intended to testify at trial to all other parties not later than *01-MAR-2021.*

4. *Defendant and any additional defendants* shall identify and submit curriculum vitae and expert reports of all expert witnesses intended to testify at trial not later than *05-APR-2021.*

5. All *pre-trial motions* shall be filed not later than *05-APR-2021.*

6. A *settlement conference* may be scheduled at any time after *03-MAY-2021.* Prior to the settlement conference all counsel shall serve all opposing counsel and file a settlement memorandum containing the following:

    (a). A concise summary of the nature of the case if plaintiff or of the defense if defendant or additional defendant;

    (b). A statement by the plaintiff or all damages accumulated, including an itemization of injuries and all special damages claimed by categories and amount;

    (c). Defendant shall identify all applicable insurance carriers, together with applicable limits of liability.

7.      A *pre-trial conference* will be scheduled any time after *05-JUL-2021*.  Fifteen days prior to pre-trial conference, all counsel shall serve all opposing counsel and file a pre-trial memorandum containing the following:

(a).     A concise summary of the nature of the case if plaintiff or the defense if defendant or additional defendant;

(b).     A list of all witnesses who may be called to testify at trial by name and address.  Counsel should expect witnesses not listed to be precluded from testifying at trial;

(c).     A list of all exhibits the party intends to offer into evidence.  All exhibits shall be pre-numbered and shall be exchanged among counsel prior to the conference.  Counsel should expect any exhibit not listed to be precluded at trial;

(d).     Plaintiff shall list an itemization of injuries or damages sustained together with all special damages claimed by category and amount.  This list shall include as appropriate, computations of all past lost earnings and future lost earning capacity or medical expenses together with any other unliquidated damages claimed; and

(e).     Defendant shall state its position regarding damages and shall identify all applicable insurance carriers, together with applicable limits of liability;

(f).     Each counsel shall provide an estimate of the anticipated length of trial.

8.      *It is expected that the case will be ready for trial 02-AUG-2021*, and counsel should anticipate trial to begin expeditiously thereafter.

9.      All counsel are under a continuing obligation and are hereby ordered to serve a copy of this order upon all unrepresented parties and upon all counsel entering an appearance subsequent to the entry of this Order.

                              *BY THE COURT:*


                              _____
                              *ARNOLD NEW, J.*
                              *TEAM LEADER*

\\JMS67629 (Rev 11/04)