# THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| APRIL PLOEGER, | : |
| Plaintiff, | : : : |
| vs. | : : No. 2:19-cv-05978 |
| PENNSYLVANIA CVS PHARMACY, LLC a/k/a, d/b/a, t/a CVS PHARMACY #4007, a/k/a, d/b/a, t/a CVS PHARMACY, INC., et al. | : JURY TRIAL DEMANDED : : : |
| Defendants. | : |

## DEFENDANTS, PENNSYLVANIA CVS PHARMACY, L.L.C. and CVS HEALTH CORPORATION'S ANSWER WITH AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendants, Pennsylvania CVS Pharmacy, L.L.C. (incorrectly named by Plaintiff as "Pennsylvania CVS Pharmacy, LLC a/k/a, d/b/a, t/a CVS Pharmacy #4007, a/k/a d/b/a t/a CVS Pharmacy, Inc."), and CVS Health Corporation (hereinafter "Answering Defendants"), by and through their attorneys, Post & Schell, P.C., hereby answer Plaintiff's Complaint as follows:

### *Prefatory Statement*

Answering Defendant, CVS HEALTH CORPORATION, did not own, operate, and/or control a pharmacy located at CVS Store No. 4007, 3925 Walnut Street, Philadelphia, PA 19104 at any time relevant hereto. Moreover, Answering Defendant, CVS HEALTH CORPORATION, did not employ any individual who

was involved with filling, on or about June 29, 2017, the subject prescription for gabapentin 100 MG capsules, and/or re-filling, on or about July 29, 2017, the subject prescription for gabapentin 100 MG capsules.

## I. PARTIES

1. Denied as stated. To the extent the allegations set forth in this paragraph constitute conclusions of law, no response is required. It is admitted only that Plaintiff, April Ploeger, is a resident and citizen of the Commonwealth of Pennsylvania. The remaining allegations set forth in this paragraph are generally denied.

2. Denied as stated. The allegations set forth in this paragraph constitute conclusions of law, and therefore, no response is required from Answering Defendants. By way of further response, it is admitted only that Answering Defendant, Pennsylvania CVS Pharmacy, L.L.C., is a limited liability company organized and existing under the laws of the Commonwealth of Pennsylvania. It is admitted only that Pennsylvania CVS Pharmacy, L.L.C.'s sole member is CVS Pharmacy, Inc. As the sole member of the L.L.C., the citizenship of CVS Pharmacy, Inc. (Rhode Island) is used to determine the citizenship of Pennsylvania CVS Pharmacy, L.L.C. See Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 418 (3d Cir. 2010) ("The citizenship of an LLC is determined by the citizenship of each of its members."). It is admitted only that that Pennsylvania

CVS Pharmacy owned and operated a pharmacy licensed with the Commonwealth of Pennsylvania located at 3925 Walnut Street, Philadelphia, Pennsylvania at all times relevant hereto. The remaining allegations set forth in this paragraph are generally denied.

3. Denied. The allegations set forth in this paragraph constitute conclusions of law, and therefore, no response is required from Answering Defendants. By way of further response, it is admitted only that CVS Health Corporation is a Delaware corporation with a principal place of business in Woonsocket, Rhode Island, and that CVS Health Corporation is a citizen of Delaware and Rhode Island for the purposes of determining the existence of complete diversity between the parties. It is specifically denied that Answering Defendant, CVS Health Corporation, owns, operates, and/or controls a pharmacy licensed with the Commonwealth of Pennsylvania located at 3925 Walnut Street, Philadelphia, PA 19104, and it is specifically denied that Answering Defendant, CVS Health Corporation, owned, operated, and/or controlled a pharmacy licensed with the Commonwealth of Pennsylvania located at 3925 Walnut Street, Philadelphia, PA 19104 at any time relevant hereto. See Prefatory Statement.

4-5. Denied. The allegations set forth in these paragraphs constitute conclusions of law and are directed to other named defendants, and therefore, no response is required of Answering Defendants. By way of further response,

insofar as "John Doe, Pharmacist and/or Technician who provided and/or sold prescription medications to Plaintiff at CVS store #4007 on or around July 27, 2017" and/or "Jane Doe, Pharmacist and/or Technician who provided and/or sold prescription medications to Plaintiff at CVS store #4007 on or around July 27, 2017" are unnamed / unidentified fictitious defendants that are alleged to be agents, servants, workers, and/or employees of Answering Defendants, all such allegations are specifically denied.  It is specifically denied that "John Doe, Pharmacist and/or Technician who provided and/or sold prescription medications to Plaintiff at CVS store #4007 on or around July 27, 2017" and/or "Jane Doe, Pharmacist and/or Technician who provided and/or sold prescription medications to Plaintiff at CVS store #4007 on or around July 27, 2017" were acting within the scope of any employment relationship (the existence of which is specifically denied) with Answering Defendants at any time relevant hereto.  To the extent the allegations set forth in these paragraphs may be interpreted as being directed to Answering Defendants, all such allegations are generally denied.  See Prefatory Statement.

  6-7. Denied.  The allegations set forth in these paragraphs constitute conclusions of law and are directed to other named defendants, and therefore, no response is required of Answering Defendants.  To the extent the allegations set

forth in these paragraphs may be interpreted as being directed to Answering Defendants, all such allegations are generally denied. See Prefatory Statement.

8. Denied. The allegations set forth in this paragraph constitute conclusions of law, and therefore, no response is required of Answering Defendants. To the extent that the allegations set forth in this paragraph refer to unnamed and/or unidentified alleged agents, servants, and/or employees of Answering Defendants, all such allegations are specifically denied. The allegations set forth in this paragraph are generally denied. See Prefatory Statement.

9. Denied. The allegations set forth in this paragraph constitute conclusions of law, and therefore, no response is required of Answering Defendants. The allegations set forth in this paragraph are generally denied. See Prefatory Statement.

10. Denied. The allegations set forth in this paragraph constitute conclusions of law, and therefore, no response is required of Answering Defendants. To the extent that the allegations set forth in this paragraph refer to the alleged conduct of unnamed and/or unidentified individuals that Answering Defendants are allegedly liable for under the laws of agency, all such allegations are specifically denied. The allegations set forth in this paragraph are generally denied. See Prefatory Statement.

11. Denied. The allegations set forth in this paragraph constitute conclusions of law, and therefore, no response is required of Answering Defendants. To the extent that the allegations set forth in this paragraph refer to unnamed and/or unidentified alleged agents, servants, and/or employees of Answering Defendants, all such allegations are specifically denied. The allegations set forth in this paragraph are generally denied. See Prefatory Statement.

12. Denied as stated. It is admitted that Plaintiff is asserting professional liability claims against Answering Defendants; however, any and all allegations of negligence and/or liability are generally denied. See Prefatory Statement.

## II. **PRE-DISCOVERY ALLEGATIONS**

13. Denied as stated. To the extent the allegations set forth in this paragraph constitute conclusions of law, no response is required of Answering Defendants. It is admitted only that the pharmacy owned and operated by Pennsylvania CVS Pharmacy, L.L.C. located at CVS Store No. 4007, 3925 Walnut Street, Philadelphia, PA 19104, dispensed prescription medications to Plaintiff, April Ploeger on certain dates. The remaining allegations are generally denied. See Prefatory Statement.

14. Denied as stated. To the extent the allegations set forth in this paragraph constitute conclusions of law, no response is required of Answering

Defendants. It is admitted only that on June 29, 2017 and July 29, 2017, the pharmacy owned and operated by Pennsylvania CVS Pharmacy, L.L.C. located at CVS Store No. 4007, 3925 Walnut Street, Philadelphia, PA 19104, verified a prescription for gabapentin 100 MG capsules for Plaintiff, April Ploeger. To the extent the allegations set forth in this paragraph refer to unnamed and/or unidentified alleged employees of Answering Defendants, all such allegations are specifically denied. The remaining allegations set forth in this paragraph are generally denied. See Prefatory Statement.

15. Denied as stated. To the extent the allegations set forth in this paragraph constitute conclusions of law, no response is required of Answering Defendants. It is admitted only that on June 30, 2017 and August 11, 2017, the pharmacy owned and operated by Pennsylvania CVS Pharmacy, L.L.C. located at CVS Store No. 4007, 3925 Walnut Street, Philadelphia, PA 19104, dispensed gabapentin 100 MG capsules for Plaintiff, April Ploeger. To the extent the allegations set forth in this paragraph refer to unnamed and/or unidentified alleged employees of Answering Defendants, all such allegations are specifically denied. The remaining allegations set forth in this paragraph are generally denied. See Prefatory Statement.

16. Denied. The allegations set forth in this paragraph constitute conclusions of law, and therefore, no response is required of Answering

Defendants. The allegations set forth in this paragraph are generally denied. See Prefatory Statement.

17. Denied. To the extent the allegations set forth in this paragraph constitute conclusions of law, no response is required of Answering Defendants. To the extent this paragraph refers to allegations regarding unidentified fictitious defendants "John Doe" and "Jane Doe" that were allegedly employees of Answering Defendants and/or acting within the nature and/or scope of an employment relationship (the existence of which is specifically denied) with Answering Defendants, all such allegations are specifically denied. The allegations set forth in this paragraph are generally denied. See Prefatory Statement.

18-23. Denied. The allegations set forth in these paragraphs constitute conclusions of law, and therefore, no response is required of Answering Defendants. The allegations set forth in these paragraphs are generally denied. See Prefatory Statement.

## COUNT I

## PLAINTIFF APRIL PLOEGER
## v.
## DEFENDANT PA CVS PHARMACY

24. Answering Defendants incorporate by reference each of the foregoing paragraphs as though same were set forth at length herein.

25. Denied. The allegations set forth in this paragraph constitute conclusions of law, and therefore, no response is required from Answering Defendants. To the extent the allegations in this paragraph refer to alleged unnamed and/or unidentified agents, servants, and/or employees of either Answering Defendant, all such allegations are specifically denied. The allegations set forth in this paragraph are generally denied.

26. Denied. The allegations set forth in this paragraph constitute conclusions of law, and therefore, no response is required from Answering Defendants. To the extent the allegations in this paragraph refer to alleged unnamed and/or unidentified agents, servants, and/or employees of Answering Defendant, Pennsylvania CVS Pharmacy, L.L.C., all such allegations are specifically denied. The allegations set forth in this paragraph are generally denied.

27. Denied. The allegations set forth in this paragraph constitute conclusions of law, and therefore, no response is required from Answering Defendants. The allegations set forth in this paragraph are generally denied.

28. Denied. The allegations set forth in this paragraph constitute conclusions of law, and therefore, no response is required from Answering Defendants. To the extent the allegations in this paragraph refer to alleged unnamed and/or unidentified agents, ostensible agents, apparent agents,

employees, and/or servants of Answering Defendant, Pennsylvania CVS Pharmacy, L.L.C., all such allegations are specifically denied. The allegations set forth in this paragraph are generally denied.

**WHEREFORE**, Answering Defendants, PENNSYLVANIA CVS PHARMACY, L.L.C. and CVS HEALTH CORPORATION, demand that judgment be entered in their favor together with counsel fees and costs of suit.

## COUNT II

## PLAINTIFF APRIL PLOEGER
## v.
## DEFENDANT CVS HEALTH

29. Answering Defendants incorporate by reference each of the foregoing paragraphs as though same were set forth at length herein.

30. Denied. The allegations set forth in this paragraph constitute conclusions of law, and therefore, no response is required from Answering Defendants. To the extent the allegations in this paragraph refer to alleged unnamed and/or unidentified agents, servants, and/or employees of either Answering Defendant, all such allegations are specifically denied. The allegations set forth in this paragraph are generally denied. See Prefatory Statement.

31. Denied. The allegations set forth in this paragraph constitute conclusions of law, and therefore, no response is required from Answering Defendants. To the extent the allegations in this paragraph refer to alleged

unnamed and/or unidentified agents, servants, and/or employees of Answering Defendant, CVS Health Corporation, all such allegations are specifically denied. The allegations set forth in this paragraph are generally denied. See Prefatory Statement.

32. Denied. The allegations set forth in this paragraph constitute conclusions of law, and therefore, no response is required from Answering Defendants. The allegations set forth in this paragraph are generally denied. See Prefatory Statement.

33. Denied. The allegations set forth in this paragraph constitute conclusions of law, and therefore, no response is required from Answering Defendants. To the extent the allegations in this paragraph refer to alleged unnamed and/or unidentified agents, ostensible agents, apparent agents, employees, and/or servants of Answering Defendant, Pennsylvania CVS Pharmacy, L.L.C., all such allegations are specifically denied. The allegations set forth in this paragraph are generally denied. See Prefatory Statement.

**WHEREFORE**, Answering Defendants, PENNSYLVANIA CVS PHARMACY, L.L.C. and CVS HEALTH CORPORATION, demand that judgment be entered in their favor together with counsel fees and costs of suit.

## COUNT III

## PLAINTIFF APRIL PLOEGER
## v.
## DEFENDANT JOHN DOE

29. Answering Defendants incorporate by reference each of the foregoing paragraphs as though same were set forth at length herein.

35-38. Denied. The allegations set forth in these paragraphs constitute conclusions of law and are directed to another defendant, and therefore, no response is required of Answering Defendants. By way of further response, to the extent the allegations set forth in these paragraphs alleged that "John Doe" (an alleged unnamed / unidentified individual) was an agent, employee, and/or servant of Answering Defendants, Pennsylvania CVS Pharmacy, L.L.C. and/or CVS Health Corporation, all such allegations are specifically denied. To the extent any allegations set forth in these paragraphs may be interpreted as being directed to Answering Defendants, they are generally denied. See Prefatory Statement.

**WHEREFORE**, Answering Defendants, PENNSYLVANIA CVS PHARMACY, L.L.C. and CVS HEALTH CORPORATION, demand that judgment be entered in their favor together with counsel fees and costs of suit.

## COUNT IV
## PLAINTIFF APRIL PLOEGER
## v.
## DEFENDANT JANE DOE

39.   Answering Defendants incorporate by reference each of the foregoing paragraphs as though same were set forth at length herein.

40-43.   Denied.  The allegations set forth in these paragraphs constitute conclusions of law and are directed to another defendant, and therefore, no response is required of Answering Defendants.  By way of further response, to the extent the allegations set forth in these paragraphs alleged that "Jane Doe" (an alleged unnamed / unidentified individual) was an agent, employee, and/or servant of Answering Defendants, Pennsylvania CVS Pharmacy, L.L.C. and/or CVS Health Corporation, all such allegations are specifically denied.  To the extent any allegations set forth in these paragraphs may be interpreted as being directed to Answering Defendants, they are generally denied.  See Prefatory Statement.

**WHEREFORE**, Answering Defendants, PENNSYLVANIA CVS PHARMACY, L.L.C. and CVS HEALTH CORPORATION, demand that judgment be entered in their favor together with counsel fees and costs of suit.

## AFFIRMATIVE DEFENSES

Answering Defendants incorporate by reference each of the foregoing paragraphs as though same were set forth at length herein.

### 1st AFFIRMATIVE DEFENSE

Plaintiff has failed to state a cause of action as to Answering Defendants upon which relief may be granted.

### 2nd AFFIRMATIVE DEFENSE

Answering Defendants did not engage in any negligent and/or careless conduct and/or omissions toward Plaintiff.

### 3rd AFFIRMATIVE DEFENSE

Any acts or omissions of Answering Defendants alleged to constitute negligence or carelessness were not substantial causes or factors of the subject incident and/or did not result in the injuries and/or losses alleged by the Plaintiff.

### 4th AFFIRMATIVE DEFENSE

The incidents and/or damages described in Plaintiff's Complaint may have been caused or contributed to by the Plaintiff.

### 5th AFFIRMATIVE DEFENSE

If Plaintiff sustained the injuries alleged, proof of which is specifically demanded, said injuries may have been the result of the negligent and/or careless

acts and/or omissions of Plaintiff, and/or other persons and/or entities over whom Answering Defendants exercised no control.

### 6th AFFIRMATIVE DEFENSE

The negligent acts or omissions of other individuals and/or entities may have constituted intervening superseding causes of the damages and/or injuries alleged to have been sustained by Plaintiff. Furthermore, Answering Defendants had no control over such acts and/or omissions, and such acts or omissions were not due to or caused by default, lack of care, negligence and/or breach of any duty of Answering Defendants.

### 7th AFFIRMATIVE DEFENSE

The incident, injuries and/or damages sustained by the Plaintiff were not proximately caused by Answering Defendants.

### 8th AFFIRMATIVE DEFENSE

Plaintiff assumed the risk of injury.

### 9th AFFIRMATIVE DEFENSE

Answering Defendant breached no duty owed to the Plaintiffs.

### 10th AFFIRMATIVE DEFENSE

The Plaintiff's claims may be barred by the Doctrine of the Assumption of Risk.

## 11th AFFIRMATIVE DEFENSE

The Plaintiff's claims may be barred by the Doctrine of Contributory Negligence, based on the actions of Plaintiff.

## 12th AFFIRMATIVE DEFENSE

The Plaintiff's claims may be barred or reduced by the provisions of the Pennsylvania Comparative Negligence Act, 42 Pa. C.S.A. §7201 et. seq. (including as amended by the Fair Share Act), the relevant portions of which are incorporated herein by reference as though same were more fully set forth at length herein.

## 13th AFFIRMATIVE DEFENSE

The Plaintiff failed to mitigate any damages allegedly sustained.

## 14th AFFIRMATIVE DEFENSE

The Plaintiff's claims and/or requests for damages are barred or limited and/or precluded by the Doctrines of *Res Judicata* and/or Collateral Estoppel.

## 15th AFFIRMATIVE DEFENSE

Pa.R.C.P. 238 should be deemed unconstitutional, as a violation of the Due Process and the Equal Protection clauses of the 14th Amendment of the United States Constitution, as well as Article I, Sections 1 and 11 and Article 5, Section 10(c) of the Pennsylvania Constitution.  In accordance with Pa.R.C.P. 238, Answering Defendants are not required to pay delay damages during those time

periods in which Plaintiff's conduct delayed the trial. Moreover, delay damages may be further reduced in accordance with Pennsylvania law**.**

## 16th AFFIRMATIVE DEFENSE

The Plaintiff's claims may be barred by the Doctrine of Release, and Answering Defendants plead the Release (if any) that may have been executed by Plaintiff and states that such Release bars Plaintiff's recovery.

## 17th AFFIRMATIVE DEFENSE

The Plaintiff's claims may be barred in whole or in part by the Medical Care Availability and Reduction of Error Act and/or the Health Care Services Malpractice Act.

## 18th AFFIRMATIVE DEFENSE

All provisions of the Mcare Act which are applicable to this case, including but not limited to Section 508(b)(a) (regarding collateral source and preclusion of recovery for paid, past medical bills) and Section 510 (regarding reduction to present value) are hereby pled.

**WHEREFORE**, Answering Defendants, PENNSYLVANIA CVS PHARMACY, L.L.C. and CVS HEALTH CORPORATION, demand that judgment be entered in their favor together with counsel fees and costs of suit.

## **DEMAND FOR JURY TRIAL**

Defendants respectfully demand a jury trial by twelve jurors.

**POST & SCHELL, P.C.**

BY: _____

Dated: January 16, 2020

AMALIA V. ROMANOWICZ, ESQUIRE
I.D. # 65412
A. BRYAN TOMLINSON, ESQUIRE
I.D. # 206114
FOUR PENN CENTER, 13TH FLOOR
1600 JOHN F. KENNEDY BLVD.
PHILADELPHIA, PA  19103-2808
PHONE: 215-587-1000
FACSIMILE: 215-587-1444
E-MAIL:
AROMANOWICZ@POSTSCHELL.COM
BTOMLINSON@POSTSCHELL.COM
ATTORNEYS FOR DEFENDANTS,
PENNSYLVANIA CVS PHARMACY,
LLC AND CVS HEALTH CORPORATION

# THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| APRIL PLOEGER,<br><br>    Plaintiff,<br><br>vs.<br><br>PENNSYLVANIA CVS PHARMACY, LLC a/k/a, d/b/a, t/a CVS PHARMACY #4007, a/k/a, d/b/a, t/a CVS PHARMACY, INC., et al.<br><br>    Defendants. | :<br>:<br>:<br>:<br>:<br>: No. 2:19-cv-05978<br>:<br>: JURY TRIAL DEMANDED<br>:<br>:<br>:<br>:<br>: |

## **CERTIFICATE OF SERVICE**

  I, A. BRYAN TOMLINSON, ESQUIRE, hereby state that a true and correct copy of the foregoing *DEFENDANTS, PENNSYLVANIA CVS PHARMACY, L.L.C. and CVS HEALTH CORPORATION'S ANSWER WITH AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT,* was served via ELECTRONIC FILING on the date set forth below upon the following individual(s):

**PLAINTIFFS' COUNSEL:**
Patrick D. MacAvoy, Esquire
Marciano & MacAvoy, P.C.
16 W. Front Street
Media, PA 19063

|  | **POST & SCHELL, P.C.** |
|---|---|
| Dated:  January 16, 2020 | BY: _/s/_____<br>AMALIA V. ROMANOWICZ, ESQUIRE<br>I.D. # 65412<br>A. BRYAN TOMLINSON, ESQUIRE<br>I.D. # 206114<br>FOUR PENN CENTER, 13TH FLOOR<br>1600 JOHN F. KENNEDY BLVD.<br>PHILADELPHIA, PA  19103-2808<br>PHONE: 215-587-1000<br>FACSIMILE: 215-587-1444<br>E-MAIL:<br>AROMANOWICZ@POSTSCHELL.COM<br>BTOMLINSON@POSTSCHELL.COM<br>ATTORNEYS FOR DEFENDANTS,<br>PENNSYLVANIA CVS PHARMACY,<br>LLC AND CVS HEALTH CORPORATION |